**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN WALKER,<br><br>v.<br><br>ESSENDANT, INC.,<br><br>Defendant. | Civil Action No. 21-19905 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Essendant Inc.'s ("Essendant") Motion to Dismiss Count Two of Plaintiff John Walker's ("Walker") Complaint. (ECF No. 4.) Walker did not oppose. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Essendant's Motion.

**I.   BACKGROUND**

This case arises out of Walker's termination from employment with Essendant. (*See generally* Notice of Removal Ex. A ("Compl."), ECF No. 1.) In October 2019, Walker suffered injuries as a result of an unspecified work-related incident. (Compl. ¶ 4.) The next day, Walker formally reported the incident and started the process of obtaining workers' compensation benefits because of those injuries. (*Id.*) According to Walker, members of Essendant's management were displeased with Walker's pursuit of workers compensation benefits. (*Id.* ¶ 5.) That same day, Walker was suspended for one day. (*Id.*) Essendant claimed the suspension was because Walker

failed to report a vehicle accident earlier that month. (*Id.* ¶ 6.) One day later, and two days after his accident, Essendant terminated Walker. (*Id.* ¶ 8.)

Walker filed this action in New Jersey Superior Court on October 6, 2021, and Essendant removed to this Court. (*See generally* Notice of Removal.) Counts One and Two of the Complaint allege causes of action for wrongful termination and retaliation under the New Jersey Law Against Discrimination ("NJLAD"), respectively. (*See generally* Compl.) Essendant then filed the instant Motion urging the Court to dismiss Count Two of the Complaint. (*See generally* Def.'s Moving Br., ECF No. 4-1.) Walker did not oppose.

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2)[1] requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC*

---

[1] Unless otherwise noted, all references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

Essendant claims that Walker fails to allege that he engaged in protected activity under the NJLAD, and thus fails to state a claim for retaliation. (Def.'s Moving Br. 4-6.) Walker did not rebut Essendant's argument.

Count Two of Walker's Complaint alleges that Essendant violated the NJLAD when the company retaliated against him for pursuing workers compensation benefits. (*See* Compl. 4.) The NJLAD makes it unlawful for an employer to discriminate against any individual in compensation or in terms, conditions, or privileges of employment because of the following traits or characteristics:

> [R]ace, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, pregnancy or breastfeeding, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer.

N.J. Stat. Ann. 10:5-12(a). To establish a claim for retaliation under the NJLAD, a plaintiff must allege that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the adverse employment action and the protected activity. *Sgro v. Bloomberg L.P.*, 331 Fed. App'x 932, 939 (3d Cir. 2009). Under the NJLAD, a

plaintiff engages in a protected activity "when that person opposes any practice rendered unlawful" by the NJLAD like employment discrimination because of the traits and characteristics referenced above. *See Davis v. Supervalu, Inc.*, No. 13-414, 2013 WL 1704295, at *4 (D.N.J. Apr. 19, 2013); N.J. Stat. Ann. 10:5-12(a).

With the parameters for plausibly alleging the elements of an NJLAD retaliation claim set out above, the Court need only reach the first factor to dismiss Walker's retaliation claim. Simply put, Walker fails to plausibly allege that he was engaged in a protected activity. Under the NJLAD, filing of a worker's compensation claim, without more, does not trigger the protections of the NJLAD. *Davis*, 2013 WL 1704295, at *4 (finding that filing for worker's compensation "does not involve an employee opposing a discriminatory employment practice" and therefore it is "not protected activity" "and insufficient to establish a retaliation claim under the NJLAD.") For example, Walker does not allege that he is disabled, as a result of his injury or otherwise. Making his case even less compelling, Walker presents facts suggesting that Essendant did not even perceive Walker as disabled. (Compl. 2 ("members of [Essendant's] management . . . den[ied] he was injured and even suggest[ed] his report was false.").) Nor does the Court glean any other facts to support that he engaged in a protected activity to support a retaliation claim. Without more, Walker's NJLAD retaliation claim is not sufficient to show a plausible claim for relief.[2] *Fowler*, 578 F.3d at 211.

---

[2] On the Court's review, other statutes do not foreclose causes of action for retaliation for filing workers compensation claims. For example, the Workers Compensation Act is an avenue for a possible cause of action. *Lally v. Copygraphics*, 428 A.2d 1317, 1320-21 (N.J. 1981). Those avenues, however, are not presently before the Court.

4

IV. **CONCLUSION**

For the foregoing reasons, the Court grants Essendant's motion to dismiss. An appropriate order will follow.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

5